IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSYS THERAPEUTICS, INC. and INSYS DEVELOPMENT COMPANY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Insys Therapeutics, Inc. ("Insys Tx") and Insys Development Company, Inc. ("Insys Dev") (collectively, "Insys" or "Plaintiffs"), for their Complaint against Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd") (collectively, "Teva" or "Defendants"), hereby allege as follows:

### The Parties

1. Insys Tx is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1333 South Spectrum Boulevard, Suite 100, Chandler, Arizona 85286.

2. Insys Dev is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1333 South Spectrum Boulevard, Suite 100, Chandler, Arizona 85286. Insys Dev is a wholly owned subsidiary of Insys Tx.

3. Upon information and belief, Teva USA is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1090 Horsham Road, North

Wales, Pennsylvania 19454.  Upon information and belief, Teva USA is a wholly owned subsidiary of Teva Ltd.

4.     Upon information and belief, Teva Ltd is a corporation organized and existing under the laws of Israel, having a principal place of business at 5 Basel Street, Petah Tikva, 49131, Israel.

## Nature of the Action

5.     This is a civil action for infringement of United States Patent Nos. 8,486,972 ("the '972 patent"); 8,486,973 ("the '973 patent"); 8,835,459 ("the '459 patent"); 8,835,460 ("the '460 patent"); 9,241,935 ("the '935 patent"); 9,289,387 ("the '387 patent"); 9,642,797 ("the '797 patent"); and 9,642,844 ("the '844 patent"); (collectively, "the patents-in-suit").  (Exhibits A–H.) This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*

## Jurisdiction & Venue

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8.     Upon information and belief, Teva USA is a Delaware corporation and has a registered agent in the State of Delaware located at Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building Suite 104, Wilmington, Delaware 19810.

9.     This Court has personal jurisdiction over Defendants, and venue is proper in this district, by virtue of the facts that, *inter alia*, Teva USA is a Delaware corporation and thus resides in Delaware, and Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led and/or will lead to foreseeable harm and injury to Plaintiffs, including in

2

the State of Delaware. Defendants have indicated that they intend to engage in the commercial manufacture, use, or sale of a Fentanyl Sublingual Spray, 0.1 mg, 0.2 mg, 0.6 mg, 1.2 mg, 1.6 mg product ("the ANDA Product") under Abbreviated New Drug Application No. 211209 ("the '209 ANDA") before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

10. Upon information and belief, Teva Ltd is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions, and through the actions of its agents and affiliates, including, at least, Teva USA.

11. Upon information and belief, Teva USA is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions, and through the actions of its agents and affiliates.

12. Upon information and belief, Teva Ltd and/or Teva USA hold Pharmacy Wholesale Licenses from the State of Delaware, under License Nos. A4-0001447 and -0001468, and Distributor/Manufacturer Licenses for Controlled Substances from the State of Delaware, under License Nos. DM-0007115 and -0006546.

13. Upon information and belief, Teva Ltd and Teva USA have participated and collaborated in the preparation, filing, and seeking FDA approval of the '209 ANDA for the ANDA Product; continue to participate and collaborate in seeking FDA approval of the '209 ANDA; and intend to participate and collaborate in the commercial manufacture, marketing, offer for sale, and sale of the ANDA Product throughout the United States including the State of Delaware.

14.    Defendants' infringing activities with respect to the filing of the '209 ANDA and intent to commercialize the ANDA Product have led and/or will lead to foreseeable harm and injury to Plaintiffs.

15.    This Court also has personal jurisdiction over Defendants, and venue is proper in this district, by virtue of the fact that, upon information and belief, *inter alia*, Defendants have availed themselves of the rights and benefits of Delaware law, and have engaged in systematic and continuous contacts with the State of Delaware.

16.    This Court also has personal jurisdiction over Defendants, and venue is proper in this district, because they have previously submitted to the jurisdiction of this Court and have further previously availed themselves of this Court by initiating lawsuits, consenting to this Court's jurisdiction, and asserting counterclaims in other civil actions initiated in this jurisdiction.  *See, e.g.*, *Teva Pharms. USA, Inc. v. Mylan Pharms. Inc.*, C.A. No. 17-0249-GMS (D. Del.) (Teva USA and Teva Ltd filed complaint for patent infringement); *Teva Pharms. USA, Inc. v. Doctor Reddy's Labs., Ltd.*, C.A. No. 16-1267-GMS (D. Del.) (same); *Teva Pharms. USA, Inc. v. Biocon Ltd.*, C.A. No. 16-0278-GMS (D. Del.) (same); *Teva Pharms. USA, Inc. v. Dr. Reddy's Labs., Ltd.*, C.A. No. 15-0306-GMS (D. Del.) (same); *Teva Pharms. USA, Inc. v. Amneal Pharms. LLC.*, C.A. No. 15-0124-GMS (D. Del.) (same); *Teva Pharms. USA, Inc. v. Synthon Pharms., Inc.*, C.A. No. 14-1419-GMS (D. Del.) (same); *Insys Therapeutics, Inc. v. Teva Pharms. USA, Inc.*, C.A. No. 17-1303-GMS (D. Del.) (Teva USA and Teva Ltd did not contest jurisdiction, and Teva USA filed a counterclaim); *Orexo AB v. Actavis Elizabeth LLC*, C.A. No. 17-0758-GMS (D. Del.) (Teva USA and Teva Ltd did not contest jurisdiction); *Momenta Pharms., Inc. v. Teva Pharms. USA, Inc.*, C.A. No. 17-0109-GMS (D. Del.) (same); *Amneal Pharms. LLC v. Teva Pharms. USA, Inc.*, C.A. No. 17-0074-GMS (D. Del.) (same);

*Onyx Therapeutics, Inc. v. Teva Pharms. USA, Inc.*, C.A. No. 17-0449-LPS (Teva USA filed counterclaims and did not contest jurisdiction); *Bayer HealthCare, LLC v. Teva Pharms. USA, Inc.*, C.A. No. 16-1220 (D. Del.) (same).

<u>**Insys's NDA and the Patents-In-Suit**</u>

17.     Insys holds New Drug Application ("NDA") No. 202788 on SUBSYS® (fentanyl sublingual spray), and is the exclusive distributor of SUBSYS® in the United States.

18.     On July 16, 2013, the '972 patent, entitled "Sublingual Fentanyl Spray" was duly and legally issued to Insys Tx.  A copy of the '972 patent is attached as Exhibit A.

19.     Insys Dev owns the '972 patent.

20.     On July 16, 2013, the '973 patent, entitled "Sublingual Fentanyl Spray" was duly and legally issued to Insys Tx.  A copy of the '973 patent is attached as Exhibit B.

21.     Insys Dev owns the '973 patent.

22.     On September 16, 2014, the '459 patent, entitled "Sublingual Fentanyl Spray" was duly and legally issued to Insys Tx.  A copy of the '459 patent is attached as Exhibit C.

23.     Insys Dev owns the '459 patent.

24.     On September 16, 2014, the '460 patent, entitled "Sublingual Fentanyl Spray and Methods of Treating Pain" was duly and legally issued to Insys Tx.  A copy of the '460 patent is attached as Exhibit D.

25.     Insys Dev owns the '460 patent.

26.     On January 26, 2016, the '935 patent, entitled "Sublingual Fentanyl Spray" was duly and legally issued to Insys Pharma, Inc.  A copy of the '935 patent is attached as Exhibit E.

27.     Insys Dev owns the '935 patent.

28.     On March 22, 2016, the '387 patent, entitled "Method of Treating Pain by Administering Sublingual Fentanyl Spray" was duly and legally issued to Insys Dev.  A copy of the '387 patent is attached as Exhibit F.

29.     Insys Dev owns the '387 patent.

30.     On May 9, 2017, the '797 patent, entitled "Sublingual Fentanyl Spray and Methods of Use to Treat Pain" was duly and legally issued to Insys Dev.  A copy of the '797 patent is attached as Exhibit G.

31.     Insys Dev owns the '797 patent.

32.     On May 9, 2017, the '844 patent, entitled "Sublingual Fentanyl Spray" was duly and legally issued to Insys Dev.  A copy of the '844 patent is attached as Exhibit H.

33.     Insys Dev owns the '844 patent.

34.     The patents-in-suit are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for SUBSYS®.

## Teva's ANDA and Paragraph IV Notification

35.     Upon information and belief, Teva USA, with the collaboration or assistance of Teva Ltd, submitted the '209 ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), including a certification with respect to the patents-in-suit under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the ANDA Product prior to the expiration of the patents-in-suit.

36.     Plaintiffs received written notification of Teva's ANDA and its accompanying § 505(j)(2)(A)(vii)(IV) certification by a letter ("Paragraph IV Notification"), dated January 30, 2018, and sent via Federal Express and United States Postal Service.

37.     This action is being commenced by Plaintiffs within 45 days of the date of their receipt of the Paragraph IV Notification.

38.     Teva previously filed a different ANDA, No. 210135 ("the '135 ANDA"), seeking approval of a Fentanyl Sublingual Spray, 0.4 mg product ("the '135 ANDA Product"). Plaintiffs alleged infringement against Teva in Civil Action No. 17-1303-GMS, for submission of the '135 ANDA to the FDA under 21 U.S.C. § 355(j). The complaint in Civil Action No. 17-1303-GMS further alleges that the '135 ANDA seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the '135 ANDA Product prior to the expiration of the patents-in-suit, and that the '135 ANDA contained a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the claims of the patents-in-suit are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the '135 ANDA product.

39.     To date, Teva has not provided Plaintiffs with a copy of any portions of the '209 ANDA or any information regarding the ANDA Product, beyond the information set forth in the Paragraph IV Notification.

40.     The limited information relating to the ANDA Product that was provided in Teva's Paragraph IV Notification does not demonstrate that the ANDA Product, which Teva is asking the FDA to approve for sale in the U.S., will not fall within the scope of issued claims of

7

the patents-in-suit.  Indeed, as set forth below, that Notification alleges noninfringement of only four claims of two of the eight patents-in-suit.

### Teva's Infringement of the Patents-In-Suit

41.     Plaintiffs re-allege paragraphs 1–40 as if fully set forth herein.

42.     By seeking FDA approval of the '209 ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the ANDA Product prior to the expiration of the patents-in-suit, Defendants have infringed those patents under 35 U.S.C. § 271(e)(2)(A).

43.     Upon information and belief, the '209 ANDA contains a certification under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the patents-in-suit are invalid. Teva notified Insys of that certification and provided a statement of the alleged bases for it.  That statement, however, alleges noninfringement of only two claims of the '973 patent and two claims of the '844 patent, but not the other claims in those patents. Further, Teva's statement does not allege noninfringement of any claim of the '972, '459, '460, '935, '387, and '797 patents, separate and apart from Teva's assertions that claims of those patents are invalid.

44.     Defendants are jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).  Upon information and belief, Defendants actively and knowingly caused to be submitted, assisted with, participated in, contributed to, or directed the submission of the '209 ANDA seeking to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the ANDA Product prior to the expiration of the patents-in-suit.

45.     Moreover, if Defendants manufacture, use, offer for sale, or import into the United States any of the ANDA Product, or induce or contribute to any such conduct, prior to the expiration of the patents-in-suit, including any applicable exclusivities or extensions, they would infringe one or more claims of those patents-in-suit under 35 U.S.C. § 271(a), (b) and/or (c).

46.     Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the '209 ANDA be a date that is not earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Plaintiffs become entitled.

47.     Plaintiffs will be irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

### Prayer for Relief

Plaintiffs request that the Court grant the following relief:

A.      An order that Defendants have infringed the patents-in-suit by submitting the '209 ANDA to the FDA;

B.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the '209 ANDA will not be earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the aforementioned patents-in-suit to which Plaintiffs are or become entitled;

C.      An order permanently enjoining Defendants, their directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, from manufacturing, using, offering to sell, selling, marketing, distributing, or importing the ANDA Product identified in this Complaint, or any product that infringes the

patents-in-suit, prior to the expiration of the patents-in-suit, including any extensions to which Plaintiffs are or become entitled;

D.     That Plaintiffs be awarded monetary relief to the extent Defendants commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States any product that infringes or induces or contributes to the infringement of the patents-in-suit, within the United States prior to the expiration of the aforementioned patents, including any later expiration of any patent term extension or exclusivity for the patents to which Plaintiffs are or will become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest; and

E.     Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Gerald J. Flattmann, Jr.
Chad J. Peterman
Lucas L. Kressel
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Naveen Modi
Michael A. Stramiello, Ph.D.
PAUL HASTINGS LLP
875 15th St, NW
Washington, DC 20008
(202) 551-1700

March 16, 2018